21ST CENTURY PREMIER INSURANCE COMPANY v ZUFELT

Docket No. 325657. Submitted March 8, 2016, at Detroit. Decided
   May 24, 2016, at 9:15 a.m.

   Plaintiff, 21st Century Premier Insurance Company, brought an
   action in the Oakland Circuit Court against Barry Zufelt, Nancy
   Zufelt, University of Michigan Regents, and others, seeking to
   rescind the no-fault automobile insurance policy it had issued to
   Barry. The policy issued by 21st Century to Barry contained an
   eligibility clause that required the applicant to have less than six
   points on his or her driving record. 21st Century issued the policy
   under the belief that Barry had four points on his driving record,
   but Barry failed to disclose the additional points he had received
   from a recent accident that had not yet appeared on his driving
   record. Because points from previous violations subsequently
   dropped off his driving record, Barry only had five points on his
   driving record when 21st Century renewed the policy in Decem-
   ber 2012. Barry was thereafter injured in an automobile accident,
   and Regents provided medical care for him. In a separate pro-
   ceeding, the driver of the other automobile involved in that
   accident brought an action against the Zufelts, who in turn
   sought from 21st Century, under the terms of the policy, indem-
   nity and the provision of a defense. Regents and others sought
   reimbursement for medical expenses related to their treatment of
   Barry in that action. 21st Century then filed this action, seeking
   a declaration that the Zufelts were not entitled to indemnity or a
   defense in the underlying action and seeking reimbursement of
   benefits paid under the policy. In this action, the court, Martha D.
   Anderson, J., granted 21st Century's motion for summary dispo-
   sition and ordered the policy rescinded because Barry had pro-
   vided false information to 21st Century on the original insurance
   application. The court also entered a judgment against Regents
   and in favor of 21st Century in the amount of $53,673.95. Regents
   appealed.

       The Court of Appeals held:

       1. A renewal contract for an insurance policy is a new,
   separate and distinct contract unless the intention of the parties
   clearly demonstrates that the original and renewal agreements

constitute one continuous contract. The rights of the parties are controlled by the original contract unless otherwise provided, and the insured may assume that the terms of the renewal policy are the same as those of the original contract. In this case, the language of the renewal agreement did not indicate an intention by the parties to alter the terms of the policy related to eligibility and the right of 21st Century to rescind the policy because of a misstatement of material fact, a false statement, or a failure to disclose requested information. The terms and conditions of the original policy applied to the renewal policy because there was no indication in the renewal that the original terms changed in a significant manner.

2. An insurer may rescind *ab initio* a policy when an insured makes a material misrepresentation in his or her application for no-fault insurance. Rescission is justified without regard to the intentional nature of the misrepresentation when it is relied on by the insurer. Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining coverage eligibility. The trial court correctly concluded that 21st Century had the right to rescind the policy and deny coverage for Barry's 2013 automobile accident. Barry admitted that he failed to disclose the points he received for the earlier accident—which occurred immediately before 21st Century issued the original policy, making him ineligible for that policy—and 21st Century relied on that misrepresentation when the company determined he was eligible for the original policy. It was not relevant that Barry had less than six points on his driving record at the time the policy was renewed because Barry was not eligible for the policy when it was first issued, and the material terms in the initial contract applied to the renewal.

3. Estoppel is an equitable defense that prevents one party to a contract from enforcing a specific provision contained in the contract. Equitable estoppel may apply when a party, by representations, admissions, or silence intentionally or negligently induced another party to believe facts that the other party justifiably relied and acted on, and which would result in prejudice if the first party were allowed to deny the existence of those facts. In this case, the Zufelts' equitable-estoppel claim failed as a matter of law. There was no evidence that 21st Century intentionally or negligently induced Barry to believe facts that it later denied or that Barry justifiably relied on representations made by 21st Century when renewing the policy. In addition, there was no evidence that 21st Century was aware of Barry's misrepresentation when the policy was renewed. 21st Century was entitled to

rescind the policy once it discovered Barry's misrepresentation even though that discovery occurred after the automobile accident and after the renewal.

Affirmed.

INSURANCE — NO-FAULT INSURANCE POLICY — MATERIAL MISREPRESENTATION IN APPLICATION — RENEWAL OF POLICY — RESCISSION OF RENEWED POLICY.

An insurer may rescind *ab initio* a policy when an insured makes a material misrepresentation in his or her application for no-fault insurance; rescission is justified without regard to the intentional nature of the misrepresentation when it is relied on by the insurer, including when the misrepresentation relates to the insurer's guidelines for determining coverage eligibility; when there is no indication in an insurance renewal contract that the parties intend to change the terms of the original policy, an insurer may rescind the renewed policy if it was issued on the basis of misrepresentations related to the insured's eligibility even though at the time of renewal the insured would have been eligible under the original policy.

*Wheeler Upham, PC* (by *Gary A. Maximiuk* and *Catherine M. Sullivan*), for 21st Century Premier Insurance Company.

*Dale L. Hebert* and *Miller & Tischler, PC* (by *Wayne J. Miller*), for University of Michigan Regents.

Before: K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM. On January 5, 2015, the trial court entered an order dismissing the complaint of plaintiff, 21st Century Premier Insurance Company, against defendant Daniel Novak after the court granted plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10) and ordered rescission of the no-fault automobile insurance policy plaintiff had issued to defendants Barry and Nancy Zufelt. The trial court also entered judgment against defendant University of Michigan Regents (Regents) in the amount of

$53,673.95 as reimbursement to plaintiff for the cost of medical services paid under the policy. Regents appeals the order as of right, and for the reasons set forth in this opinion, we affirm.[1]

## I. FACTS

On June 17, 2012, plaintiff issued to Barry Zufelt a no-fault automobile insurance policy that required the insured have less than 6 points on his or her driving record to be eligible for the policy. At the time, Barry had 7 points; however, in the application for insurance, Barry failed to disclose 3 points that resulted from an April 18, 2012 accident. Although plaintiff's underwriting department investigated, the recent accident did not appear in Barry's driving record. By the end of September 2012, 4 points accumulated in September 2009 from other violations "dropped off" Barry's record, and in December 2012, plaintiff automatically renewed Barry's policy for six months. At the time of renewal, Barry had 5 points on his driving record.

Shortly thereafter, in March 2013, Barry was involved in an automobile accident. Both Barry and the driver of the other vehicle, Daniel Novak, suffered injuries. Barry's injuries were severe, and Regents provided medical care for Barry's injuries.

Thereafter, Novak sued Barry and Nancy Zufelt for damages resulting from the automobile accident. Barry and Nancy then sought defense and indemnity from plaintiff under the insurance policy. Regents, and the other named medical-services providers, sought reim-

---

[1] Defendants Barry and Nancy Zufelt, Daniel Novak, Botsford General Hospital, ABC Transportation, Botsford Medical Imaging, Farmington Emergency Medicine, and Orthopedic Surgery Specialists, PLLC, are not parties to this appeal.

bursement of over $600,000 in medical expenses from plaintiff under Barry's policy.

On July 19, 2013, plaintiff filed this lawsuit against the Zufelts, Regents, and others, alleging that Barry was ineligible to be insured at the time the policy was issued because he had made material misrepresentations on his application, specifically he had not disclosed the April 2012 accident. Plaintiff sought a judgment declaring that the insurance policy was rescinded and that the Zufelts were not entitled to indemnity for damages awarded or a defense in the underlying lawsuit involving Novak. Plaintiff requested that the court order the Zufelts to reimburse plaintiff for any benefits paid under the policy. Plaintiff also sought a judgment declaring that the other defendants who had provided services related to the accident were not entitled to no-fault personal protection insurance (PIP) benefits. Alternatively, plaintiff sought to reform the policy to limit plaintiff's liability to the statutory minimum standards.

On September 17, 2013, the Zufelts filed a counterclaim against plaintiff for breach of contract, seeking no-fault PIP benefits, along with interest and attorney fees. On March 10, 2014, Regents also filed a counterclaim against plaintiff, seeking reimbursement of medical expenses associated with the medical care it provided to Barry. The lawsuit ultimately became a matter of dispute between plaintiff and the Zufelts, Novak, and Regents while the other named defendants were dismissed.

On June 12, 2014, plaintiff moved for summary disposition, arguing that because there was no genuine issue of material fact that Barry had made false statements in obtaining the insurance policy at issue, rescission of the policy was proper. Plaintiff asserted that it was permissible under the policy language, as well as

state law, to void the policy it issued to Barry on the basis of fraud, misrepresentation, concealment, or misstatement of a material fact. Plaintiff argued that it relied on the misrepresentation when it issued the insurance policy. Plaintiff noted that, in Barry's response to plaintiff's request to admit, Barry admitted his involvement in the April 18, 2012 accident and admitted to the nondisclosure of the accident. Plaintiff also noted that Eric Meier, an underwriter for plaintiff, averred that plaintiff would not have written the original insurance policy for Barry had it known of the prior accident.

In its response, Regents argued that Barry was an eligible driver when the policy was renewed and, therefore, was properly covered under the policy at the time of the accident. Regents sought summary disposition in its favor under MCR 2.116(I)(2).

On November 5, 2014, following oral argument, the trial court agreed with plaintiff that, under the policy, rescission was proper because Barry had provided false information when he obtained the policy. The court granted plaintiff's motion for summary disposition and ordered that the policy be rescinded.

To resolve the remaining matters, the trial court entered a judgment in favor of plaintiff and against Regents in the amount of $53,673.95 on December 2, 2014. The trial court entered an order on January 5, 2015, reflecting the parties' stipulation that plaintiff agreed to the dismissal of its complaint against the Zufelts and Novak, and the Zufelts agreed to dismiss their counterclaim against plaintiff. Regents now appeals by right.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition to determine whether

the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). Interpretation of a contract and whether the trial court properly applied equitable principles involve questions of law that we review de novo. *Manuel v Gill*, 481 Mich 637, 643; 753 NW2d 48 (2008); *Beach v Lima Twp*, 489 Mich 99, 106; 802 NW2d 1 (2011).

### III. ANALYSIS

As an initial matter, Regents asserts that we should ignore plaintiff's fraud-based arguments because plaintiff failed to assert and prove that Barry committed fraud when he applied for the insurance policy. Although plaintiff included the word "fraud" in a list of reasons to void the policy, the crux of its argument was that rescission was permissible because of Barry's misrepresentation on the application and its reliance on that misrepresentation. To that end, plaintiff cited the language of the policy itself and caselaw to show that a misrepresentation or failure to disclose was sufficient to rescind the contract. Accordingly, this argument lacks merit.

Next, Regents contends that the policy renewal created a new and distinct contract that was not tainted by the initial misrepresentation. In *Russell v State Farm Mut Auto Ins Co*, 47 Mich App 677, 680; 209 NW2d 815 (1973), this Court discussed a renewal contract:

"A renewal contract has been stated by many jurisdictions to be a new, and a separate and distinct contract,

unless the intention of the parties is shown clearly that the original and renewal agreements shall constitute one continuous contract. It has thus been stated to be a new or separate contract which is based upon and subject to the same terms and conditions as were contained in the original policy. Unless otherwise provided, the rights of the parties are controlled by the terms of the original contract, and the insured is entitled to assume, unless he has notice to the contrary, that the terms of the renewal policy are the same as those of the original contract." [*Id.*, quoting 13 Appleman, Insurance Law & Practice, § 7648, pp 419-420.]

In this case, there was no language in the renewal agreement that indicated the parties intended to alter the terms governing eligibility and plaintiff's right to rescission as set forth in the original agreement. *Id.* Therefore, although Barry's policy was renewed, because there was no indication that the original terms changed in any significant manner, the terms and conditions that governed the original policy applied to the renewal. *Id.*; see also *Zurich Ins Co v CCR & Co (On Rehearing)*, 226 Mich App 599, 605-606; 576 NW2d 392 (1997) (noting that, generally, a contract is a fully integrated instrument and is to be interpreted by looking within the four corners of the document).

The original policy provides that plaintiff may void the policy, even after an accident, for a material misrepresentation. Specifically, the policy provided in relevant part:

GENERAL PROVISIONS

\* \* \*

MISREPRESENTATION OR FRAUD

To determine *your* eligibility for coverage under this policy and to determine *your* premium, *we* relied upon the statements and representations *you* provided to *us*. If *you*

knowingly made any false statements or representations concerning a material fact or circumstance to *us* when applying for this policy or applying for any coverage under this policy, *we* may void this policy. In addition, *we* may void this policy *if you concealed or misrepresented any material fact or circumstance*, or engaged in any fraudulent conduct, when applying for this policy.

*Following an accident or loss, we may still void this policy* for fraud, misrepresentation, concealment or misstatement of a material fact or circumstance by *you* in applying for this policy or in connection with a claim under this policy. . . . If *we* void this policy, you must reimburse *us* if *we* make a payment. [Some emphasis added.]

In addition, the insurance application provided in relevant part:

I warrant that all information provided on this Application is complete and accurate and agree it becomes the basis for both my acceptance by the Company, and the premium charged for my policy, along with any information provided to the Company or its representatives during the premium quotation process. I understand that *if I provide false information on this Application, or fail to fully disclose requested information* such as drivers listed who operate my vehicles, use of my vehicles, and registration/ownership of my vehicles, accidents and violations, *the Company may cancel or rescind my policy and deny any claim made after the issuance of the policy*, as provided by the conditions of the policy. [Emphasis added.]

The plain terms of the contract did not require a finding of fraud or intentional misstatement, but rather allowed plaintiff to rescind the contract based on a false statement, misstatement of a material fact, or a failure to disclose. Indeed, it is well settled that an insurer is entitled to rescind a policy *ab initio* on the basis of a material misrepresentation made in an application for no-fault insurance. *Lash v Allstate Ins Co*, 210 Mich App 98, 103; 532 NW2d 869 (1995);

*Burton v Wolverine Mut Ins Co*, 213 Mich App 514, 517; 540 NW2d 480 (1995). "Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer. Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage." *Lake States Ins Co v Wilson*, 231 Mich App 327, 331; 586 NW2d 113 (1998).

In this case, there was no requirement of fraud or intentional misrepresentation. All that was necessary for rescission was a misrepresentation, failure to disclose, or a false statement, all of which were present in this case. Although Barry did not admit to an intentional fraud, he admitted that he had failed to disclose the accident that made him ineligible under the terms of the policy. Plaintiff relied on Barry's misrepresentation when it determined he was eligible for the insurance policy. Had Barry disclosed the April 2012 accident, he would have been unable to obtain the insurance policy. Therefore, given the plain language of the policy, after discovering the nondisclosure, plaintiff had the right to rescind the policy and deny coverage. *Lash*, 210 Mich App at 103; *Lake States*, 231 Mich App at 331.

Regents argues, however, that Barry's initial ineligibility was subsequently "cured" when eligibility resumed, or in other words when the points "dropped off" his record. Although the policy provides, "We will insure or continue to insure all eligible persons with respect to eligible vehicles subject to the following guidelines," that provision does not apply in this case. In this case, Barry was not an "eligible person," because he made a material misrepresentation in the application. Eligibility for the renewal turned on the representations that Barry made on the initial appli-

cation, and the material terms in the initial contract applied to the renewal. Therefore, the renewal was inextricably linked to the initial application, and plaintiff was entitled to rescind the contract based on Barry's misrepresentations even after the renewal issued. There was no evidence that plaintiff was aware of the misrepresentation at the time the renewal issued, and plaintiff was not obligated to recheck Barry's record. See, e.g., *Titan Ins Co v Hyten*, 491 Mich 547, 571; 817 NW2d 562 (2012) (holding that an insurer may assert legal and equitable remedies to avoid liability under an insurance policy even when the fraud of the applicant was "easily ascertainable"). In short, plaintiff did not have a duty to insure Barry under the plain terms of the policy, and the renewal did not cure the initial misrepresentation.

Next, Regents argues that plaintiff was barred from denying coverage by the doctrine of equitable estoppel. Regents argues that plaintiff sent a renewal declaration and confirmation letter to Barry regarding his policy, which led Barry to believe that he had no-fault coverage.

"The principle of estoppel is an equitable defense that prevents one party to a contract from enforcing a specific provision contained in the contract." *Morales v Auto-Owners Ins Co*, 458 Mich 288, 295; 582 NW2d 776 (1998). "Equitable estoppel may arise where (1) a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts." *West American Ins Co v Meridian Mut Ins Co*, 230 Mich App 305, 310; 583 NW2d 548 (1998).

In this case, there is no evidence to support that plaintiff intentionally or negligently induced Barry to believe facts that it later denied or to support that Barry justifiably relied on plaintiff's representations. Importantly, there was no evidence to support that plaintiff was aware of Barry's misrepresentation at the time the policy renewed. Furthermore, because Barry made the misrepresentation in obtaining the policy, he could not show justifiable reliance. As noted earlier in this opinion, an insurer may rescind a policy *ab initio* if there is a material misrepresentation in the application for insurance. *Burton*, 213 Mich App at 517. Therefore, plaintiff had the right to declare the policy void once it determined there was a material misrepresentation, even though that determination occurred after the automobile accident. Barry was precluded from relying on the original policy and the renewal when his misrepresentation tainted both agreements and rescission was permissible. Accordingly, Regents' equitable-estoppel claim fails as a matter of law. *West American Ins Co*, 230 Mich App at 310.

In short, the trial court did not err by granting plaintiff's motion for summary disposition because plaintiff was entitled to rescind the insurance policy under the plain terms of the contract and the rescission was not barred by the doctrine of equitable estoppel.

Affirmed. No costs awarded. MCR 7.219(A).

K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ., concurred.